IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

MUTUAL OF WAUSAU INSURANCE CORPORATION, as subrogee of NATHANAEL JOHNSON and KRYSTLE JOHNSON,

Plaintiff.

Case No. 1:26-cv-1809

v.

JURY TRIAL DEMANDED

AMAZON.COM, INC.

Defendant.

## COMPLAINT

NOW COMES the Plaintiff, MUTUAL OF WAUSAU INSURANCE CORPORATION, as subrogee of NATHANAEL JOHNSON and KRYSTLE JOHNSON, by and through counsel, and for its Complaint against the Defendant, AMAZON.COM, INC., alleges as follows:

## THE PARTIES

1. Plaintiff Mutual of Wausau Insurance Corporation ("Wausau") is a Wisconsin corporation with its headquarters and principal place of business located at 3910 West Stewart Avenue, Wausau, Wisconsin, and is therefore a citizen of the State of Wisconsin for purposes of 28 U.S.C. § 1332.

2. Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington, and is therefore a citizen of Delaware and Washington for purposes of 28 U.S.C. § 1332. Amazon regularly conducts business throughout the United States, including in the State of Wisconsin and this District, by designing, marketing, distributing, and

selling consumer products – including products bearing its own "Amazon Basics" house brand – directly to Wisconsin consumers over the internet.

3. At all relevant times, Amazon designed, specified, sourced, marketed, labeled, and/or sold Amazon Basics-branded kitchen appliances, including the coffee maker at issue in this action, such that Amazon held itself out to consumers, including Krystle Johnson, as the manufacturer of those products within the meaning of Wis. Stat. § 895.047.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists amongst the Parties, Plaintiff being a citizen of Wisconsin and Defendant being a citizen of Delaware and Washington.

5. This Court has personal jurisdiction over Amazon because Amazon regularly and systematically conducts business in the State of Wisconsin, including selling and shipping products directly to consumers in this District, and because the coffee maker at issue in this action was sold to and delivered to a Wisconsin resident and the injury underlying this action occurred in this State and District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the sale, delivery, use, and failure of that coffee maker, and the resulting fire loss, all of which occurred at 214 Elm Street, Denmark, Brown County, Wisconsin, within the Green Bay Division of the Eastern District of Wisconsin.

## FACTS

7. At all relevant times, the insureds, Nathanael Johnson and Krystle Johnson (collectively, the "Johnsons"), owned and resided at the property located at 214 Elm Street, Denmark, Wisconsin 54208 (the "Subject Property").

8. At all relevant times, the Johnsons purchased and maintained Policy No. 13173 (the "Policy") with Wausau for the Subject Property, and the Policy was in full force and effect on October 2, 2024, the date of the fire.

9. On or about October 7, 2023, Krystle Johnson purchased an Amazon Basics 5-Cup Coffee Maker with Reusable Filter (the "Coffee Maker") directly from Amazon.com, under Amazon Order No. 112-9603734-1527856.

10. The Coffee Maker was thereafter installed and used in the kitchen of the Subject Property, in a manner consistent with its intended and foreseeable use and Amazon's instructions.

11. The Coffee Maker reached Krystle Johnson, and was used by the Johnson household, without substantial change in the condition in which it was designed, manufactured, and sold by Amazon.

12. On or about October 2, 2024, a fire originated at the Subject Property in the area of the kitchen where the Coffee Maker was located.

13. The fire caused substantial damage to the Subject Property, including the dwelling structure and personal property contents, and necessitated remediation, mitigation, and rebuilding, as well as temporary relocation of the Johnson family.

14. A subsequent laboratory examination determined that the cause of the fire was a failure of the Coffee Maker's thermostat and thermal protectors, which permitted a thermal runaway condition that ignited the plastic housing of the Coffee Maker.

15. As a direct and proximate result of the fire caused by the defective Coffee Maker, the Subject Property and the Johnsons' personal property sustained substantial losses for which the Johnsons submitted a claim (Claim No. 240257) to Wausau.

16. Wausau paid $301,936 to the Johnsons and, by virtue of those payments and the terms of the Policy, Wausau is fully subrogated to the rights of the Johnsons to recover the amounts it has paid on account of the fire loss described in this Complaint, and brings this action as full subrogee in its own name.

## COUNT I

### Strict Products Liability – Manufacturing Defect (Wis. Stat. § 895.047)

17. Plaintiff restates and realleges the preceding paragraphs as though fully set forth herein.

18. At all relevant times, Amazon was engaged in the business of designing, manufacturing, marketing, distributing, and/or selling the Coffee Maker, and placed the Coffee Maker into the stream of commerce under its own "Amazon Basics" brand.

19. The Coffee Maker was defective in that it deviated in a material way from Amazon's own design specifications and performance standards for the Coffee Maker, in that its thermostat and thermal protectors failed to limit or terminate heating of the Coffee Maker's heating element as designed and intended, and instead permitted an uncontrolled thermal runaway condition.

20. This manufacturing defect existed in the Coffee Maker at the time it left Amazon's control and was sold to Krystle Johnson, and the Coffee Maker reached the Johnson household without substantial change in the condition in which it was sold.

21. The defective condition of the Coffee Maker rendered it unreasonably dangerous to persons and property, in that a reasonable consumer would not expect a coffee maker, used as intended in the ordinary course of household use, to overheat, ignite, and cause a structure fire.

22. The defective and unreasonably dangerous condition of the Coffee Maker was a cause of the October 2, 2024 fire, and the resulting damages described herein.

23. As a direct and proximate result of the defective and unreasonably dangerous condition of the Coffee Maker, Plaintiff sustained the damages described above.

24. Amazon is strictly liable to Plaintiff for these damages pursuant to Wis. Stat. § 895.047.

WHEREFORE, Plaintiff Mutual of Wausau Insurance Corporation, as subrogee of Nathanael Johnson and Krystle Johnson, respectfully requests that this honorable Court enter judgment in its favor and against the Defendant, Amazon.com, Inc., in the amount of $301,936, together with costs, interest, and any additional relief this Court deems just and appropriate.

## COUNT II

### Strict Products Liability – Design Defect (Wis. Stat. § 895.047) – Pleaded in the Alternative

25. Plaintiff restates and realleges the preceding paragraphs as though fully set forth herein.

26. This Count is pleaded in the alternative to Count I, to the extent discovery reveals that the Coffee Maker's failure resulted from its design, rather than a deviation from that design in the manufacture of the individual unit sold to Krystle Johnson.

27. To the extent the Coffee Maker's thermostat and/or thermal protector system was designed without adequate redundant or fail-safe overheat protection, the design of the Coffee Maker was defective and unreasonably dangerous, in that a reasonable alternative design –

including, without limitation, redundant thermal cutoffs, properly rated thermal protectors, or other commercially available overheat-protection technology – was available and would have prevented or significantly reduced the risk of the thermal runaway event that caused the October 2, 2024 fire, without impairing the usefulness of the Coffee Maker.

28. The foreseeable risks of harm posed by the design of the Coffee Maker's heating and thermal-protection system exceeded the utility of that design, and the design was not one that a reasonable consumer would expect when using the Coffee Maker for its intended purpose.

29. This design defect existed in the Coffee Maker at the time it left Amazon's control, and the Coffee Maker reached the Johnson household without substantial change in the condition in which it was designed and sold.

30. The defective and unreasonably dangerous design of the Coffee Maker was a cause of the October 2, 2024 fire and the resulting damages described herein.

31. As a direct and proximate result of the defective and unreasonably dangerous design of the Coffee Maker, Plaintiff sustained the damages described above.

32. Amazon is strictly liable to Plaintiff for these damages pursuant to Wis. Stat. § 895.047.

WHEREFORE, Plaintiff Mutual of Wausau Insurance Corporation, as subrogee of Nathanael Johnson and Krystle Johnson, respectfully requests that this honorable Court enter judgment in its favor and against the Defendant, Amazon.com, Inc., in the amount of $301,936, together with costs, interest, and any additional relief this Court deems just and appropriate.

Dated: October 1, 2026

By: *<u>/s/Matthew S. McLean</u>*
Matthew S. McLean

THOMPSON BRODY & KAPLAN, LLP
161 N. Clark Street, Suite 3575
Chicago, IL 60601
Telephone: 312-374-8879
McLean@tbkllp.com

Counsel for Plaintiff MUTUAL OF WAUSAU INSURANCE CORPORATION, as subrogee of NATHANAEL JOHNSON and KRYSTLE JOHNSON